UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE:   Mark Trevor McElwee | : | Case No.: |
| | : | |
| DEBTOR | : | CHAPTER 13 |
| | : | |
| | : | |

# CHAPTER 13 PLAN

**Extension (  )**                                                                **Composition (X)**

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1.   **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2.   **Plan Payments and Length of Plan**. Debtor will pay the sum of $1,256.00 per month to Trustee by [X] Payroll Deduction(s) or by [ ] Direct Payment(s) for the applicable commitment period of 36 months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

(  ) IF CHECKED, Plan payments will increase by $_____ monthly in _____, upon completion or termination of _____.
 The additional funds shall be disbursed pro-rata to all claims being funded at the time of the increase.

3.   **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4.   **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

    A.    **Trustee's Fees.** Trustee shall receive a statutory fee in an amount established by the Attorney General and the United States Trustee.

    B.    **Debtor's Attorney's Fees.** Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $4,500.00. In addition, Berry & Associates has advanced a total of $358.00 as litigation costs to be paid as an administrative expense for a total fee of $4,858.00 The amount of $0.00 was paid prior to the filing of the case. The balance of $4,858.00 will be paid as follows:

    (i.) Such funds remaining in the possession of the trustee after payment of trustee fees and Adequate Protection payments, not to exceed $4,858.00, to be paid at the initial disbursement following confirmation of the plan.

    (ii.) $700.00 will be paid on a monthly basis until the fee is paid in full. If the case is dismissed or converted prior to confirmation, the Trustee shall pay up to $4,858.00 from available funds.

    (iii) Debtor and Debtor's attorney have further agreed that Debtor's attorney may be paid for "non-base services" as they are performed on an as-needed basis. These "non-base" services, and the agreed fee for each, are identified in paragraph 6 of the Rule 2016(b) disclosure statement in this case. Upon completion of a "non-base" service, Debtor's attorney may file an application with the Court, serving all parties-in-interest with notice of the application and providing an opportunity to be heard on the matter. If the "non-base" fee is approved by the Court, then the fee shall be added to the balance of the unpaid base fee in this case and paid in accordance with the paragraph (B)(ii), above. If the base fee has been paid in full, then the fee shall be paid up to $700.00 per month, and the distributions to creditors shall be reduced, pro rata, by that amount until the additional fee is paid in full.

5.    **Priority Claims.**

    A.    **Domestic Support Obligations.**

    None.

    B.    **Other Priority Claims (e.g., tax claims).** All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)Creditor | (b)Estimated claim |
|---|---|
|  |  |

6.    **Secured Claims.**

    A.    **Claims Secured by Personal Property Which Debtor Intends to Retain.**

    i.    **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant

to§ 1326(a)(1)(C). Each creditor listed below shall have an administrative lien on its respective payment(s), subject to objection.

Debtor shall make the following adequate protection payments to the Trustee pending confirmation of the plan:

| (a) Creditor | (b) Collateral | (c) Monthly Adequate Protection Payments |
|---|---|---|
| Chrysler Credit | 2014 Dodge Ram 1500 4x4 | $460.00 |
| TD Retail aka Rooms To GO | Furniture | $35.00 |

ii.     **Post Confirmation payments.** After confirmation of the plan, monthly payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a).    **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* §1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). After the confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Chrysler Credit | 2014 Dodge Ram 1500 4x4 | 9/2/14 | $45,730.00 | 1.9% | $460.00 step to 1,060.00 in November 2015 |
| TD Retail aka Rooms To GO | Furniture | 10/14/14 | $3,434.00 | 4% | $35.00 step to 135.00 in November 2015 |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

None.

**(c).    Other provisions.**

B.    **Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

All post-petition mortgage payments made by the debtor(s) are to be credited and applied by the mortgage holder, its agent or assignee in accordance with the mortgage note and Deed in Trust/Deed to Secure Debt. Any fees, expenses and charges asserted under Fed. R. Bankr. P. 3002.1(c) are not to be funded through the Chapter 13 plan and the Debtor will pay these post-petition expenses directly to their mortgage holder/servicer unless they are disallowed by Order of the Court."

All payments made hereunder by the chapter 13 Trustee to the mortgage holder, its agent or assignee are to be applied to the pre-petition arrearage and those fees and costs in the creditors allowed proof of claim.

None.

C.    **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as general, unsecured debt. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

None.

7. **Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $14,951.00. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $0.00 or 0% whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

None.

9. **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **Other Provisions:**

    A. **Special classes of unsecured claims.**

    B. **Other direct payments to creditors.**

    C. **Other allowed secured claims**: A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded as classified in the proof of claim as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim or file a motion to avoid the lien associated with the claim as applicable. Upon the filing of a motion to avoid the lien of any creditor, paragraph 10(D) of this plan shall apply as though the creditor had been named therein. Allowed claims in this class shall receive 0% interest.

    D. **Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f)**: The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

        None.

E.     **Miscellaneous provisions**.

Date: March 13, 2015


_____/s/_____         _____/s/_____
Matthew T. Berry, Bar No.: 055663         Mark Trevor McElwee
Berry & Associates
2751 Buford Hwy
Suite 400
Atlanta, Georgia 30324
(404) 235-3300
mberry@mattberry.com